## Hudepohl Brewing Co. v. Faulkner.

December 17, 1948.

R. P. Moloney and Donald P. Moloney for appellant.

R. W. Keenon and Robert M. Odear for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER
—Reversing.

The sole question for our determination is whether a contract for the sale, delivery, and payment of alcoholic beverages in Ohio, by a brewery whose principal place of business is in that state to a citizen, resident, and licensed distributor whose principal place of business is in state of Kentucky, comes within the purview of KRS 244.040, which, insofar as pertinent, reads:

"(1) No brewer, wholesaler or distributor shall sell any alcoholic beverages to any person in this state for any consideration except for cash paid at or before the time of delivery.

"(2) * * *

"(3) * * *

"(4) No right of action shall exist to collect any claim for credit extended contrary to this section."

The question heretofore has not been presented to this Court. Therefore, we must look to general rules of comity in respect to intoxicating liquors where the lex contractus differs from the lex fori. In 11 American Jurisprudence, page 429, Conflict of Laws, Section 138, it is said: "It is generally recognized that a contract for the sale of liquor made in one state and valid therein is enforceable in another state, even though if the contract had been made there it would have been illegal, where, in the making of such contract, it was not contemplated or intended that the law of the other state should be violated." Most if not all of the cases we have found touching on the question, and upon which the text above

quoted is based, were actions to recover the purchase price of intoxicating liquor sold and delivered in states where such contracts were valid, but the enforcement of such contracts were sought in states wherein such sales were prohibited. We see little distinction, if any, to be made between the principles governing sales of that character and those which should govern the decision of this case. If any distinction may be made, it should, in all frankness, redound in favor of permitting recovery in the instant case under the pleadings developed thus far and in the absence of evidence that the contract under consideration was made in Ohio for the purpose of circumventing our own statute restraining sales for credit in this state.

Appellant filed this action in the Fayette Circuit Court for the recovery of the purchase price of a truckload of beer. Appellee, by answer, pleaded KRS 244.040 as a bar to appellant's right to recover. In avoidance of the defense, appellant, by reply, averred that the account sued on was for merchandise, sold, delivered, and to be paid for in the state of Ohio, and further that all the transactions concerning the sale of such merchandise took place in the state of Ohio. The Court sustained a demurrer to the reply and dismissed the petition. Thus the question of subterfuge does not enter into the case at this point. We are of the opinion the Court erred in sustaining the demurrer to the reply, for which reason the judgment must be and hereby is reversed.